IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ALFONZO BOYKINS AND
LAWANDA BOYKINS                                                          PLAINTIFFS

VS.                                              CIVIL ACTION NO. 3:23-cv-35-TSL-MTP

STATE FARM FIRE AND CASUALTY COMPANY                                      DEFENDANT

**NOTICE OF REMOVAL**

Defendants, State Farm Fire and Casualty Company, by and through counsel, presents this Notice of Removal of the cause described below from the Circuit Court of Rankin County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and state as follows:

I.   **JURISDICTION AND VENUE**

1. This civil action was originally commenced by Plaintiffs in the Circuit Court of Rankin County, Mississippi, against State Farm Fire and Casualty Company, and proceeded in that Court under cause number 2022-275. Plaintiffs filed their Complaint on December 15, 2022. They served the Complaint on State Farm Fire and Casualty Company's agent for service of process on December 15, 2022.

2. This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. §§1332, 1441 and 1446.

## II. DIVERSITY OF CITIZENSHIP JURISDICTION

3. This action is properly removed to this Court pursuant to 28 U.S.C. §§1332 and 1441, since the parties to this matter are of entirely diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Complete diversity of citizenship exists between Plaintiffs and Defendant, State Farm Fire and Casualty Company.

## III. PARTIES

5. According to the allegations of the Plaintiffs' Complaint, Plaintiffs, at the time of the filing of the Complaint, were adult resident citizens of Rankin County, Mississippi. (See Complaint, Exhibit "A", paragraphs 1.1 and 1.2).

6. Defendant State Farm Fire and Casualty Company is a corporation organized under and pursuant to the laws of the State of Illinois, and not Mississippi, having its principal place of business in the State of Illinois.

## IV. AMOUNT IN CONTROVERSY

7. The amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by the claims alleged in Plaintiffs' Complaint. Although the Plaintiffs' Complaint does

not specify an amount sued for, it is clear from the face of the Complaint that the amount in controversy exceeds $75,000.00. According to the allegations of the Plaintiffs' Complaint, the Plaintiffs are seeking damages for breach of contract, injuries, emotional distress, hedonic damages, all economic as well as nonecomonic damages, plus punitive damages, attorneys' fees, costs, and expenses. See Complaint attached hereto as Exhibit "A".

9.  Plaintiffs' claim for unspecified punitive damages is alone sufficient to meet the jurisdictional limit of this Court pursuant to Mississippi law. *See Brasel v. Unumprovident Corp.*, 2001 WL 1530342 (N.D. Miss., Oct. 25, 2001); *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F.Supp. 2d 423, 428-429 (N.D. Miss. 1998); *Marcelv v. Poole Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Allstate Ins. Co. v. Hilben*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)); see also *Montgomery v. First Family Fin. Serv Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (Mississippi federal courts consistently hold that an unspecified amount claimed as punitive damages under Mississippi law is deemed to satisfy the amount in controversy requirement for federal diversity jurisdiction). The Plaintiffs' demand for punitive damages, combined with the actual damages sought clearly satisfy the amount in controversy requirement.

10. Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, since it is a civil action between citizens of different states with the amount in controversy in excess of $75.000.00, exclusive of costs and interest, and this action is hereby removed to this Court pursuant to 28 U.S.C. § 1441.

### V. CONCLUSION

11. A copy of all process, pleadings and orders previously filed in the Circuit Court of Rankin County, Mississippi, is attached hereto as Exhibit "B" to this pleading.

12. Pursuant to 28 U.S.C.§ 1446 a copy of this Notice of Removal is being provided to the Clerk of the Circuit Court of Rankin County, Mississippi, and written notice of the filing of this Notice of Removal is being given directly to all parties or through their counsel of record.

13. Pursuant to this removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the Circuit Court of Rankin County, Mississippi.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Defendant, State Farm Fire and Casualty Insurance Company, respectfully requests this Court to properly assume full jurisdiction over the Plaintiffs' claims against it.

This the 16th day of January, 2023.

Respectfully submitted,

**STATE FARM FIRE AND CASUALTY COMPANY**

BY: _____
MICHAEL F. MYERS (MSB #3712)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Fax: (601) 969-5120
mmyers@curriejohnson.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date filed and sent a copy of the foregoing to the following:

John W. Nisbett, Esq.
Heilman Law Group, P.A.
Meadowbrook Office Park
4266 Interstate 55 North, Suite 106
Jackson, MS 39211

THIS, the 16th day of January, 2023.

_____
MICHAEL F. MYERS

5